UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-681-MOC-DSC

| | |
|---|---|
| TIMOTHY S. GILL, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| vs. ) | |
| ) | |
| COCA-COLA BOTTLING CO. ) | **ORDER** |
| CONSOLIDATED, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss, filed by Defendant, Coca-Cola Consolidated, Inc. f/k/a Coca-Cola Bottling Co. Consolidated ("CCC"),[1] by counsel, pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure and Local Rule 7.1, for failure to comply with this Court's Order dated November 9, 2020. (Doc. No. 35). For the following reasons, the Court grants Defendant's motion to dismiss.

**I.    BACKGROUND**

This is an employment discrimination lawsuit, filed by pro se Plaintiff Timothy Gill, against his former employer, Defendant CCC, in which Plaintiff claims that Defendant violated Plaintiff's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.[2] The parties have been engaging in discovery. A Scheduling Order is in place allowing for fact discovery through February 1, 2021. Plaintiff's Initial Disclosures were originally due September 21, 2020, and his discovery responses were due September 28, 2020. On December

---

[1] Effective January 2, 2019, Coca-Cola Bottling Co. Consolidated changed its legal name to Coca-Cola Consolidated, Inc.
[2] Plaintiff's Amended Complaint also alleged age and race discrimination, but the Court has dismissed those claims because they were not within the scope of Plaintiff's EEOC charges.

1

2, 2020, Defendant filed the pending motion to dismiss based on Plaintiff's failure to comply with an Order from this Court requiring Plaintiff to produce certain discovery to Defendant. Relevant to the pending motion to dismiss, the Court makes the following findings:

On October 21, 2020, Defendant CCC filed a "Motion to Compel Disclosure and Discovery Responses and For Expenses" due to Plaintiff's failure to serve Initial Disclosures in compliance with Rule 26(a) of the Federal Rules of Civil Procedure (the "Disclosures"), and his failure to respond to Defendant's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission (the "Discovery"). (Doc. No. 31). Plaintiff did not respond to Defendant's Motion to Compel.

Through an Order entered November 9, 2020, this Court granted Defendant's Motion to Compel and ordered Plaintiff to "serve complete supplemental Rule 26(a) Initial Disclosures and complete responses to 'Defendant's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Plaintiff'" within 14 days of the Court's Order, i.e., November 23, 2020. (Doc. No. 33). The Court further warned Plaintiff that "failure to provide full and complete Initial Disclosures and responses to these discovery requests…or to otherwise comply fully with any of the Court's order . . . may result in the imposition of sanctions … [which] may include Plaintiff being ordered to pay Defendant's costs including reasonable attorney's fees in their entirety and may also include dismissal of the Complaint with prejudice." (Id. at p. 2).

According to Defendant, after the Court granted Defendant's Motion to Compel, on November 14, 2020, Plaintiff faxed partial and incomplete responses to some of Defendant's Discovery requests. See (Fax from Plaintiff dated Nov. 14, 2020, Def. Ex. A). Defense counsel followed up with Plaintiff regarding his incomplete responses via letter dated November 19,

2

2020.  See (J. Patton letter dated Nov. 19, 2020, Def. Ex. B).  As noted therein, Plaintiff had failed to respond to Document Requests 1, 2, 3, 6, 8, and 9.  Further, Plaintiff's responses to Interrogatories 2, 3, 6, and 7, and Requests for Admission 5, 8, 9, and 10 were deficient.

Plaintiff did not respond to counsel's November 19, 2020 letter.  On November 23, 2020, defendant counsel sent a second letter to Plaintiff.  See (J. Patton letter dated Nov. 23, 2020, Def. Ex. C).  This letter notified Plaintiff that he had not served his Rule 26(a) Initial Disclosures by the November 23, 2020 deadline, and further reminded Plaintiff that his responses to the Discovery remained incomplete.  Plaintiff was given until November 30, 2020, to cure, and was again asked to engage in direct discussions to avoid involving the Court.  Again, Plaintiff did not contact counsel in response to this letter or produce the Disclosures.

That same day, Plaintiff sent a fax containing a single page labeled as "Counter Offer" which listed the amount of money he was seeking, along with eight documents: two single-page letters from the Social Security Administration; three single-page letters he had previously received from Defendant related to leave requests; the Dismissal and Notice of Rights from the EEOC; and, a two-page letter related to a severance offer he had received from Defendant related to his position elimination.  The fax did not address or fix the deficiencies identified in defense counsel's November 19, 2020 letter.

Defense counsel sent a third letter to Plaintiff on November 24, 2020.  See (J. Patton letter dated Nov. 24, 2020, Def. Ex. D).  This letter again reminded Plaintiff that he had failed to file supplemental Initial Disclosures, and it identified ongoing deficiencies in Plaintiff's responses to the Discovery.  Specifically, Plaintiff's responses to Interrogatories 2 and 4 were deficient, and Plaintiff did not respond to document requests 4, 5, and 9.  Plaintiff was invited to contact counsel to discuss the Discovery and was again given until November 30, 2020, to

3

correct these deficiencies. Plaintiff has not responded, has not served his Disclosures, and has not provided complete responses to the Discovery. Defendant filed the pending motion to dismiss on December 2, 2020, Plaintiff filed a response on December 17, 2020, and Defendant filed a Reply on December 22, 2020.

## II.  STANDARD OF REVIEW

Rule 37(b) of the Federal Rules of Civil Procedure provides for sanctions where a party fails to comply with a Court Order. In particular, where a party fails to obey an order to provide or permit discovery, the Court may issue the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii). Whether to impose sanctions is left to the court's discretion. Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503 (4th Cir. 1977). The most severe sanction is the entry of default and/or dismissal. The Fourth Circuit has set out a four-part test for determining when entry of default or dismissal is warranted for discovery abuses. Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). Known as the

4

Case 3:18-cv-00681-MOC-DSC   Document 40   Filed 01/11/21   Page 4 of 10

Wilson factors, this four-part test evaluates: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Id. Moreover, before dismissing a case with prejudice, the Court must give a party a "clear and explicit" warning of the consequences of failing to comply with a Court's orders. Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993).

### III. DISCUSSION

Here, the Court finds that Plaintiff has failed to comply with the Court's Order dated November 9, 2020, and sanctions are therefore appropriate.[3] Defendant seeks the ultimate sanction of dismissal. The Court must therefore apply the four Wilson factors in determining whether dismissal is an appropriate sanction.

As to the first Wilson factor—bad faith—the Fourth Circuit has held that dismissal is appropriate in cases where noncompliance with the Court's orders and its rules is the result of bad faith and reflects a "callous disregard for the authority of the district court and the Rules." Zornes v. Specialty Indus., Inc., 166 F.3d 1212, 1998 WL 886997, at *6 (4th Cir. 1998) (quoting Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 92). Bad faith and callous disregard can be found not only by non-compliance, but by haphazard compliance. Mut. Fed. Sav. & Loan Ass'n, 872 F.2d

---

[3] In his response to Defendant's motion to dismiss for failure to comply with this Court's order, Plaintiff does not dispute that he failed to comply with this Court's order, except to state that he submitted his Rule 26 Disclosures on November 16, 2020. Defendant contends that this is not correct and asserts that the only document purporting to be Plaintiff's Initial Disclosures was served on Defendant on October 16, 2020. Defendant further asserts that this document did not comply with Rule 26's requirements for Initial Disclosures and that Plaintiff never corrected the deficiencies either in response to Defendant's motion to compel or in response to the Court's Order dated November 9, 2020.

5

at 93.

The Court is sympathetic to pro se plaintiffs, but, as Defendant notes, Plaintiff has engaged in dilatory action during the pendency of this lawsuit. This Court found on initial review, when ruling on Plaintiff's motion to proceed in forma pauperis, that Plaintiff's original Complaint failed to state a claim. (Doc. No. 4 at p. 4). The Court's order specifically noted that Plaintiffs race and age discrimination claims were "outside the scope of his EEOC Charge of Discrimination," and the Court granted Plaintiff leave to file an Amended Complaint. Despite the Court's finding, Plaintiff filed an Amended Complaint that still contained Plaintiff's race and age discrimination claims. Defendant then filed a motion to dismiss those claims, which the Court granted. (Doc. No. 15 at p. 7). Thereafter, Plaintiff elected to participate in the Court's Pro Se Settlement Assistance Program ("PSAP"). (Doc. No. 17). Immediately after the parties unsuccessfully mediated Plaintiff's claims as part of the PSAP, Defendant filed its Answer and Affirmative and Other Defenses. (Doc. No. 24). Despite an Answer having been on file for nearly two months, on October 9, 2020, Plaintiff moved for default judgment, claiming that an Answer had not been filed.[4] (Doc. No. 30). Defense counsel asked Plaintiff to withdraw the baseless motion, but he refused to do so, forcing Defendant to respond to the motion. The Court then denied Plaintiff's motion for default judgment as "not appropriate." (Doc. No. 34).

In addition to the above-described acts, and most significantly, Plaintiff has failed to comply with the Court's Order dated November 9, 2020, in which the Court expressly ordered Plaintiff to file complete Rule 26(a) Disclosures and complete responses to Discovery. Plaintiff

---

[4] Defendant further asserts that at the same time Plaintiff was preparing his baseless motion for default judgment, Plaintiff was telling defense counsel that he could mail a copy of the incomplete Disclosures he filed with the Court but he had no idea when he could accomplish that task and that he needed until at least November 15, 2020, to respond to discovery.

6

did not even attempt to serve the Rule 26(a) Disclosures, he did not answer many of the discovery requests, and he has failed to cure his deficient and incomplete responses. According to Defendant, defense counsel then attempted to engage in a dialogue to resolve any concerns or questions on numerous occasions, but Plaintiff has not been responsive. Despite receiving three letters from defense counsel and more than an additional week to cure his deficiencies, Plaintiff has steadfastly refused to even communicate with opposing counsel, let alone comply with the Court's Order. Moreover, Plaintiff has not sought leave from the Court or otherwise communicated with the Court regarding his failure to comply with its Order.

The Court finds, additionally, that Plaintiff was expressly warned that failure to comply with this Court's order could result in dismissal of this lawsuit. In the Court's order dated November 9, 2020, the Court clearly set forth the consequences for failing to comply with its Order, warning Plaintiff in bold font that his failure to comply could result in the imposition of sanctions that "may include Plaintiff being ordered to pay Defendant's costs including reasonable attorney's fees in their entirety and may also include dismissal of the Complaint with prejudice." (Doc. No. 33 at 2). In light of this clear warning from the Court, Plaintiff failed to comply with the Court's order. This conduct, coupled with Plaintiff's other dilatory conduct during the litigation, leads the Court to conclude that Plaintiff has acted in bad faith, and this factor favors the extreme sanction of dismissal.

The second Wilson factor evaluates the extent to which a party is prejudiced by the opposing party's non-compliance. Prejudice occurs "from the haphazard manner of production and the incompleteness of the discovery, as well as from the uncertainty as to the accuracy of the information already provided." Mut. Fed., 872 F.2d at 91. Prejudice also exists where a party is forced to incur substantial legal fees as a result of a party's continued discovery abuses. See

7

Case 3:18-cv-00681-MOC-DSC   Document 40   Filed 01/11/21   Page 7 of 10

Zornes v. Specialty Indus., Inc., 166 F.3d 1212, 1998 WL 886997, at *8 (4th Cir. 1998). Here, Defendant has been prejudiced both by Plaintiff's haphazard, incomplete discovery and by having to incur significant fees to deal with Plaintiff's repeated discovery abuses. A Scheduling Order is in place allowing for fact discovery through February 1, 2021. Plaintiff's Initial Disclosures were originally due September 21, 2020, and his discovery responses were due September 28, 2020. Defendant is now left with less than nine weeks to complete discovery and take depositions, but Plaintiff has hindered these additional steps by refusing to follow the rules and this Court's Orders. Moreover, Defendant has shown that it has been forced to expend significant monies to file a motion to compel, multiple letters to seek compliance, and the instant pending motion to dismiss. The Court finds that Plaintiff has prejudiced Defendant not only by his failure to participate meaningfully in the lawsuit that he filed, but also in forcing Defendant to spend substantial sums to secure his participation in the discovery process. Thus, this factor weighs in favor of dismissal as a sanction.

The third Wilson factor requires the Court to evaluate "the need for deterrence of the particular sort of noncompliance." Mut. Fed., 872 F.2d at 92. Plaintiff is proceeding in this matter pro se and in forma pauperis, meaning he has not incurred any costs so far in filing this lawsuit. As a pro se litigant, Plaintiff has also been given access to significant court resources such as the PSAP, and he has been given great leeway in his dealings with the Court. While courts appropriately view pro se pleadings with greater latitude, such litigants are not exempt from the Court's processes or procedures, nor can they willfully ignore this Court's Orders. This Court has a duty to protect against its resources being squandered due to an abusing party's neglect. Id.; see also Young Again Prods., Inc. v. Acord, 459 Fed. Appx. 294, 2011 WL 6450843, at *8 (4th Cir. 2011) (quoting Mut. Fed., 872 F.2d at 93 (stating that "stalling and

8

Case 3:18-cv-00681-MOC-DSC   Document 40   Filed 01/11/21   Page 8 of 10

ignoring the direct orders of the court with impunity" is "misconduct" that "must obviously be deterred")). Here, Defendant has persuasively argued that this matter does not simply involve a litigant who is unfamiliar with its processes and rules. Rather, Plaintiff has obstructed and impeded the discovery process in a lawsuit that he himself filed. This is precisely the sort of behavior that should be deterred.

Additionally, the Court finds that there is no reason to believe that a lesser sanction, such as the imposition of fees or expenses, would be effective in deterring Plaintiff's improper conduct in the future. As a pro se litigant proceeding in forma pauperis, an imposition of monetary sanctions may not have any impact due to his inability to pay. Moreover, this Court already warned Plaintiff that failure to comply with the Court's Order could result in dismissal of his claims. Despite such clear notice, Plaintiff has failed to provide complete responses to Discovery, and he did not even attempt to serve the Disclosures. Moreover, Plaintiff has not contacted the Court or Defendant to seek additional time. Knowing full well the potential consequences of failing to comply with this Court's Order, Plaintiff has not taken good faith steps to comply with the Court's Order. As such, the Amended Complaint will be dismissed, as there is no other effective sanction that could be imposed to stop such misconduct.

### IV. CONCLUSION

For the reasons stated herein, the Court grants Defendant's Motion to Dismiss and dismisses this action with prejudice.

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion to Dismiss, (Doc. No. 35), is **GRANTED**.

(2) This action is dismissed with prejudice.

9

Signed: January 9, 2021

Max O. Cogburn Jr
United States District Judge